# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARI HARPER, | ) | 1:06cv0893 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Document 20-1) |
| v. | ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | ) ) ) | ORDER GRANTING PLAINTIFF'S REQUEST FOR DISCOVERY IN PART |
| Defendants. | ) ) | |

Defendant Unum Life Insurance Company of America ("Defendant") filed the instant motion for a protective order on June 11, 2007. The matter was heard on June 15, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Anna M. Martin appeared on behalf of Defendant. Stephen Cain appeared on behalf of Plaintiff Mari Harper ("Plaintiff").

**PROCEDURAL BACKGROUND**

On March 16, 2006, Plaintiff filed this action in the Stanislaus County Superior Court against Defendant, alleging causes of action based on an alleged breach of a group disability policy. Defendant removed the action to this Court on July 13, 2006, on the basis of this Court's original jurisdiction over the subject matter pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

Plaintiff filed a first amended complaint for recovery of ERISA benefits on November 8, 2006. She seeks recovery of ERISA plan benefits based on a wrongful denial of benefits, as well as attorneys fees and costs pursuant to 29 U.S.C. § 1132(g)(1).[1] Defendant filed its answer on March 1, 2007.

Pursuant to the Court's January 9, 2007, scheduling conference order, the non-expert discovery deadline is currently set for June 15, 2007.

Defendant filed the instant motion for a protective order on June 11, 2007, along with the parties' joint statement pursuant to Local Rule 38-251. Defendant seeks protection from Plaintiff's notice of deposition identifying nine Unum employees referred to in the administrative record. Defendant also seeks an order indicating that this matter be determined on the administrative record without discovery or supplementation. Defendant has offered to waive the June 15 discovery deadline to allow Plaintiff to propound 15 written interrogatories as to the purported structural conflict of interest, but Plaintiff believes that this would be insufficient to prove arbitrariness and capriciousness on the part of the Defendant's employees.

**FACTUAL BACKGROUND**

According to her first amended complaint, Plaintiff filed a claim for short term disability ("STD") benefits on August 30, 2002, claiming that as of May 26, 2002, she was unable to work as a Communications Manager for Doctor's Hospital due to injuries sustained in a motor vehicle accident on May 25, 2002. Her claim was paid from July 25, 2002, through October 16, 2002. Plaintiff was initially denied benefits beyond October 16, 2002, because of an alleged lack of medical support for her objective complaints.

On or about October 21, 2002, in response to Plaintiff's claim that she had continuing medical problems that prevented her from working, Defendant requested that her treating physician provide additional information. Plaintiff's treating physician provided his records of treatment on November 8, 2002, as well as a Certificate of Excuse in which he certified that Plaintiff was continuously disabled up until December 8, 2002. On January 31, 2003, Defendant

---

[1] On February 8, 2007, the Court granted Defendant's motion to dismiss Plaintiff's second cause of action for breach of fiduciary duty with leave to amend. Plaintiff did not attempt to amend this claim.

refused to extend Plaintiff's STD benefits through December 8, 2002, and indicated that her file would remain closed. Plaintiff appealed the decision.

Pursuant to Defendant's policy of using in-house personnel to analyze medical records, her file was referred to one nurse and two doctors. Based on their opinions, Defendant formally denied Plaintiff's appeal on June 9, 2003.

On July 3, 2003, Plaintiff contacted Defendant and requested a re-appeal because she had finally been able to obtain a psychiatric evaluation, which confirmed that she suffered a neuropsychiatric injury from the head trauma sustained in the May 2002 accident and has been continuously disabled as a result. Plaintiff provided records from her treating psychiatrist and Defendant subsequently requested an opinion from an in-house referral. Based on the opinion of the in-house medical personnel, Defendant concluded that Plaintiff was not disabled after October 17, 2002, by a psychiatric condition or otherwise.

This lawsuit addresses Defendant's decision to deny further benefits to Plaintiff, who did not return to work in October 2002 and was terminated approximately one month later. She contends that Defendant's determinations, in light of the evidence of disability in the record, were the result of deliberate misrepresentations made to deny benefits. She also contends that the interpretations demonstrate a conflict of interest because had the symptomatology been accepted, Plaintiff would have received both STD and LTD benefits.

**PLAINTIFF'S REQUESTED DISCOVERY**

On May 22, 2007, Plaintiff noticed the depositions of nine of Defendant's employees who were identified in the administrative record as having taken some action in analyzing Plaintiff's claim for benefits. The individuals are mainly in-house medical personnel, including doctors and nurses, who reviewed Plaintiff's medical records and rendered opinions as to her condition. The list also includes claim handlers and analysts who made determinations relating to her claim for benefits.

///
///
///

# DISCUSSION

A.  Legal Standard

Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c), which provides:

> Upon the motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed.R.Civ.P. 26(c), Advisory Comm. Notes (1970); United States v. CBS, Inc., 666 F.2d. 364, 368-369 (9th Cir. 1982). In determining whether good cause exits for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and non parties. In re Coordinated Pretrial Proceedings, 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797, 801-801 (9th Cir. 1981).

B.  Discovery in ERISA Actions

The discovery allowed in ERISA actions challenging a denial of benefits, if any, is directly related to the standard of review employed by the Court. Defendant's motion for a protective order revolves around its argument that since this Court's review is limited to the administrative record, Plaintiff's depositions are "a fruitless endeavor which will yield nothing but irrelevant and inadmissible information." Joint Statement, at 9. Defendant bases its argument on the plan language[2] and case law, which it contends frames the question before this Court as whether Defendant abused its discretion in denying Plaintiff's claim for benefits.

Defendant's analysis as to this Court's standard of review is correct. While the default standard of review is *de novo,* the Court will review the decision for abuse of discretion where, as here, the plan confers discretionary authority on the plan administrator. Firestone Tire & Rubber

---

[2] The ERISA Plan at issue grants Defendant "discretionary authority to determine [claimant's] eligibility for benefits and to interpret the terms and provisions of the policy." Joint Statement, at 8.

4

1  Co. v. Bruch, 489 U.S. 101, 115 (1989)).  When the standard of review is abuse of discretion, the
2  district court may review only the administrative record.  Abatie v. Alta Health Life Ins. Co., 458
3  F.3d 955, 970 (9th Cir. 2006).  Although, as will be demonstrated below, there are exceptions to
4  this general rule.

5  Prior to the Ninth Circuit's decision in Abatie, courts in this circuit used a "sliding scale"
6  analysis in determining the standard of review in conflict of interest cases, i.e., where the insurer
7  acts as both the plan administrator and the funding source for benefits.  Atwood v. Newmont
8  Gold, 45 F.3d 1317 (9th Cir. 1995).  Under the Atwood analysis, if the plaintiff could come
9  forward with "material probative evidence" showing the administrator's self-interest affected its
10 denial of benefits, then the administrator would have to come forward with evidence to the
11 contrary.  If it could not, then the court would review the denial of benefits *de novo*, rather than
12 for abuse of discretion.  Courts that allowed discovery under the Atwood burden shifting scheme
13 recognized that such discovery was limited to whether the administrator's decision was
14 influenced by a conflict of interest and should be tempered by the overriding goals of ERISA to
15 provide an inexpensive and expeditious method of resolution.  See eg., Aluisi v. Elliott Mfg. Co.,
16 2006 WL 1686400 (E.D.Cal., 2006).

17 In 2006, the Ninth Circuit eliminated the above burden shifting paradigm in Abatie v.
18 Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006), where it held that the abuse of
19 discretion standard applies in all conflict of interest cases where the plan grants discretion to the
20 plan administrator, but indicated that such review must be "informed by the nature, extent, and
21 effect on the decision-making process of any conflict of interest that may appear in the record."
22 Id. at 967.  The weighing of a conflict of interest as a factor in abuse of discretion review must be
23 made on a case-by-case basis:

> A straightforward abuse of discretion analysis allows a court to tailor its review to all the circumstances before it. See Woo, 144 F.3d at 1161 ("The abuse of discretion standard is inherently flexible, which enables reviewing courts to simply adjust for the circumstances."). The level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history. A court may weigh a conflict more heavily if, for example, the administrator provides inconsistent reasons for denial, Lang, 125 F.3d at 799; fails adequately to investigate a claim or ask the plaintiff for necessary evidence, Booton v.

5

> Lockheed Med. Benefit Plan, 110 F.3d 1461, 1463-64 (9th Cir.1997); fails to credit a claimant's reliable evidence, Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003); or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record.

Id. at 968-969.

Defendant does recognize, though, that Abatie *did* authorize the district court to consider evidence outside the administrative record to determine how much weight to afford a conflict of interest:

> In making that determination, the court may consider evidence outside the record. We have held that the court may consider evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny. See Tremain, 196 F.3d at 976-77 (holding that a court may consider extra-record evidence to determine whether the administrator was plagued by a conflict of interest); see also Kosiba v. Merck & Co., 384 F.3d 58, 67 n. 5 (3d Cir.2004) (holding that a district court may supplement the record in order to decide whether a conflict of interest exists), cert. denied, 544 U.S. 1044, 125 S.Ct. 2252, 161 L.Ed.2d 1079 (2005).

Id. at 970.

Understanding that extrinsic evidence is limited to the conflict of interest issue, Abatie continued "to recognize that, in general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review." Id. at 970.

> That principle is consistent with Tremain, 196 F.3d at 976-79, which permits extrinsic evidence on the question of a conflict of interest. **The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise**. See Doe v. Travelers Ins. Co., 167 F.3d 53, 57 (1st Cir.1999) (holding that, when deciding what record a court should use to decide whether the administrator's decision was reasonable, "[i]t is not clear that any single answer covers all of the variations in ERISA cases; the 'record' may depend on what has been decided, by whom, based on what kind of information, and also on the standard of review and the relief sought"). (emphasis added).

Id.

C.   Analysis

Given that this Court's review is limited to determining whether the decision maker abused its discretion, Plaintiff's entitlement to discovery is likewise limited. As set forth above, Plaintiff may be entitled to discovery as to the structural conflict of interest issue, but is not

1  entitled to discovery aimed at exposing how and why the decisions were made or whether the
2  decision was "correct".
3    Defendant argues, and this Court agrees, that the depositions Plaintiff seeks are not
4  related to the conflict of interest, but rather seek information related to a challenge to the decision
5  made by Defendant. Plaintiff argues that the discovery *is* related to a conflict of interest because
6  it will reveal that Defendant and its employees ignored and/or contradicted evidence specifically
7  to deny Plaintiff's claim for benefits. Plaintiff's reasoning, though, misunderstands the
8  distinction between conflict of interest discovery and discovery on the merits of her claim.
9  Despite her belief, the discovery Plaintiff seeks goes *directly* to the reasoning behind the denial.
10 Indeed, she argues that her discovery is necessary to explore the "how and why the UNUM
11 employees reached their opinions in light of the medical records proving permanent and total
12 disability. . ." Joint Statement at 7. Under the abuse of discretion standard applicable to this
13 case, however, the administrative record stands on its own, meaning that the case will be
14 evaluated solely on the information contained within it. This renders the motivations and
15 thought processes behind the actions of little use to the Court. Plaintiff is therefore not entitled
16 to depose the nine identified employees on the issues that she proposes and Defendant's motion
17 for protective order is GRANTED.
18   While Plaintiff is not entitled to the above discovery, she is entitled to discovery that
19 explores the structural conflict of interest. At the hearing, Plaintiff indicated that information
20 related to the compensation of Defendant's in-house medical personnel, i.e., how much money
21 they receive from Defendant and what percentage of their total salaries is provided by Defendant,
22 is relevant to the nature, extent and affect of the conflict of interest. The Court agrees.
23 ///
24 ///
25 ///
26 ///
27 ///
28

Plaintiff is therefore GRANTED leave to propound interrogatories pursuant to Federal Rule of Civil Procedure 33 and consistent with this order. Plaintiff shall serve the interrogatories on or before June 30, 2007, and the discovery deadline is extended accordingly. The parties shall contact the Court should additional extensions be necessary.

IT IS SO ORDERED.

Dated: **June 18, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE