# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARI HARPER<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>　　　　　Defendant. | 1: 06 CV 00893 AWI  DLB<br><br>AMENDED  SCHEDULING ORDER<br>(Fed.R.Civ.P 16)<br><br>Motion re: Standard of Review:<br>　　Filing: September 21, 2007<br>　　Hearing: October 22, 2007<br><br>Trial Brief Deadlines:<br>　　Filing: November 30, 2007<br>　　Hearing: December 21, 2007<br><br>Trial:　January 8, 2008 at 9:00 a.m.<br>　　　　Courtroom 2 CT  1 days |

**I.　Date of Scheduling Conference**

July 6, 2007.

**II.　Appearances of Counsel**

Stephen A. Cain appeared on behalf of Plaintiff.

Anna M. Martin appeared on behalf of Defendant.

**III.　The Pleadings**

　　A.　Summary of the Pleadings

　　　　MARI HARPER (hereinafter "HARPER" or "plaintiff") was an employed as a Communications Manager at Doctor's Medical Center, a subsidiary of Tenet Healthcare

1

Corporation, the group policyholder of long term disability insurance, policy number 546864 003, issued by defendant UNUM to cover the qualified employees of Tenet Healthcare Corporation and its subsidiaries. Said policy is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover disability benefits and to enforce rights under the plan.

Plaintiff filed a claim for STD benefits on August 30, 2002, claiming that as of May 26, 2002 she was unable to work as a Communications Manager because of multiple injuries sustained in a motor vehicle accident on May 25, 2002. Plaintiff's claim was paid from July 25, 2002 to October 16, 2002. This lawsuit addresses UNUM's decision to deny further benefits to plaintiff. It is UNUM's position that plaintiff was able to return to work on October 17, 2002, but she did not do so. Approximately, one month later, plaintiff lost her job. As such, her coverage under the group LTD policy terminated. Plaintiff contends that she is totally disabled under the terms of the LTD policy and therefore is entitled to LTD benefits. Based upon the medical evidence from plaintiff's treating physicians, the Social Security Administration has declared the plaintiff to be permanently and totally disabled due to the head injuries she suffered in the May 26, 2002, accident

      B.      Orders Re Amendment of Pleadings

No amendments are proposed at this time.

**IV.**     **Standard of Review**

The parties dispute whether the Court's review will be limited to the administrative record as it existed at the time UNUM rendered its written decision after appeal.

Plaintiff contends that the proper standard of review is *de novo* and defendant maintains that the standard is "abuse of discretion" as set forth in *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3rd 955 (9th Cir. 2006).

Plaintiff shall file any motions regarding the standard of review no later than September 21, 2007 and her motion shall be heard on or before October 22, 2007 at 1:30 p.m. in

1  Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge
2          Opening trial briefs shall be filed no later than November 30, 2007 and opposition
3  briefs shall be filed no later than December 21, 2007.

4  **V.      Trial Date**

5          January 8, 2008 at 9:00 a.m. in Courtroom 2 before the Honorable Anthony W.
6  Ishii, United States District Court Judge.

7          A.      This is a court trial.
8          B.      Counsels' Estimate of Trial Time: 1 days.
9          C.      Counsel's attention is directed to Local Rules of Practice for the Eastern
10                 District of California, Rule 16-285.

11  VI.     **Effect of this Order**

12          The foregoing order represents the best estimate of the court and counsel as to the
13  agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for
14  this case.  If the parties determine at any time that the schedule outlined in this order cannot be
15  met, counsel are ordered to notify the court immediately of that fact so that adjustments may be
16  made, either by stipulation or by subsequent status conference.

17          Stipulations extending the deadlines contained herein will not be considered
18  unless they are accompanied by affidavits or declarations, and where appropriate attached
19  exhibits, which establish good cause for granting the relief requested.

20          Failure to comply with this order may result in the imposition of sanctions.

22      IT IS SO ORDERED.

23      Dated:   **August 20, 2007**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE